SLR:FR:bsg
F.#2010R01022

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 24 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

MELVIN CWIBEKER,

         Defendant.

- - - - - - - - - - - - - - - - -X

ORDER OF FORFEITURE

12-CR-632 (S-1)(JS)
Deft. #1

WHEREAS, on June 24, 2015, MELVIN CWIBEKER (the "defendant"), entered a plea of guilty to Counts Two and Eleven charged in the above-captioned Superseding Indictment, charging a violation of 18 U.S.C. §§ 1347 and 1516; and

WHEREAS, with respect to Count Two, pursuant to 18 U.S.C. 982(a)(7) and 21 U.S.C. § 853(p), the defendant has consented to the entry of a forfeiture money judgment in the amount of five hundred thousand dollars and no cents ($500,000.00) (the "Forfeiture Money Judgment"), as property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds the defendant obtained as a result of the defendant's violation of 18 U.S.C. § 1347; and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

    1.    The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. 982(a)(7) and 21 U.S.C. § 853(p).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the "United States Marshals Service" with the criminal docket number noted on the face of the check. The defendant shall cause said check to be delivered by overnight delivery to FSA Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, Central Islip, New York. The Forfeiture Money Judgment shall be paid prior to the earlier of the date of sentencing or one year from the entry of this plea (the "Due Date"). If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2).

3. The current liens filed against the real properties and premises located at 761 Central Avenue, Woodmere, New York 11598 on or about October 4, 2012 and 1 Laura Place, Spring Valley, New York 10977 filed on or about October 5, 2012, shall be released once the defendant satisfies the above Forfeiture Money Judgment.

4. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

United States v. MELVIN CWIBEKER, 12-CR-632 (S-1)(JS)
Order of Forfeiture
Page 2

5. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

United States v. MELVIN CWIBEKER, 12-CR-632 (S-1)(JS)
Order of Forfeiture
Page 3

9.    This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

10.    This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12.    The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Asset Forfeiture Paralegal Brian Gappa at 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

Dated:    Central Islip, New York
           June 24, 2015

                            HONORABLE JOANNA SEYBERT
                            UNITED STATES DISTRICT JUDGE
                            EASTERN DISTRICT OF NEW YORK